# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DIMAS MEDINA,

       Applicant,

v.                                       CV 09-492 BB/WPL

TIMOTHY HATCH, Warden, and
GARY K. KING, Attorney General for
the State of New Mexico,

       Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      Dimas Medina was charged in a multi-count indictment with the kidnaping and sexual assault of his estranged wife. (*See* Record Proper (hereafter "RP") at 13; Doc. 11 Ex. E[1] at 2.) At trial in the Third Judicial District, the state alleged that Medina broke into the home where he had previously lived with his wife and their children, physically and sexually assaulted his wife, and prevented her from leaving the home. (Transcript (hereafter "TR") at 103-105.)[2] Medina was convicted by a jury on felony counts of kidnaping, criminal sexual penetration, and aggravated assault on a household member and on several misdemeanor charges. (Ex. A at 1-2.) He was sentenced to twenty-seven years in prison. (*Id.* at 2-3.) The trial court suspended nine years for a total incarceration period of eighteen years, to be followed by an indeterminate period of supervised probation and parole for not less than five years or more than twenty years. (*Id.* at 4.) Medina has filed a *pro se* Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (Doc. 1.) This

---

[1] Unless otherwise noted, all exhibits are to Doc. 11.

[2] Unless otherwise noted, all transcript references are to Volume 1.

matter is before me on his Application and Respondents' Answer.  For the reasons that follow, I recommend that the Application be denied.

## Procedural Background

Medina's trial counsel filed a notice of appeal and a docketing statement with the New Mexico Court of Appeals.  (Exs. B, C.)  In the docketing statement Medina purported to challenge the sufficiency of the evidence to support his convictions.  (*See* Ex. C at 4-5.)  The docketing statement can also be read as challenging the trial court's evidentiary rulings excluding favorable DNA evidence and prohibiting favorable testimony from a courtroom spectator.  In addition, Medina asserted that the exclusion of witness testimony violated his right under the Sixth and Fourteenth Amendments to present a defense.  (*See id.* at 3-4.)  The court of appeals issued a proposed summary disposition rejecting these arguments.  (Ex. D.)  Medina, now represented by appellate counsel, objected, repeating his argument regarding sufficiency of the evidence and arguing that the exclusion of DNA evidence violated his rights to present a defense and confront witnesses against him.  (*See* Ex. E at 3-6.)  The court of appeals affirmed the conviction in a memorandum opinion on July 2, 2009.  (Ex. F.)  Appellate counsel for Medina then filed a petition for a writ of certiorari with the New Mexico Supreme Court, again arguing that there was insufficient evidence to support his convictions and that the exclusion of DNA evidence violated his constitutional rights.  (Ex. G at 3-5.)  The New Mexico Supreme Court denied certiorari on August 8, 2008.  (Ex. H.)

Medina filed a *pro se* petition for a writ of habeas corpus in the Third Judicial District on April 6, 2009.  (Ex. J.)  In his state habeas petition, Medina claimed that his due process rights were violated by the trial court's erroneous exclusion of witness testimony and DNA evidence and that there was insufficient evidence to support his convictions.  (*Id.* at 3.)  He also complained that he received ineffective assistance of counsel due to his attorney's alleged failure to prepare for trial,

to present evidence and witness testimony, and to file motions for a continuance. (*Id.*) The district court summarily dismissed Medina's petition on April 30, 2009. (Ex. K.) There is no evidence in the record that Medina pursued a writ of certiorari with the New Mexico Supreme Court with regard to the district court's denial of his habeas petition.

On May 18, 2009, Medina filed his petition for a writ of habeas corpus in this Court. (Doc. 1.) He raises six claims for relief: 1) ineffective assistance of counsel based on his attorney's alleged failure to prepare for trial, file motions, and list Medina's brother as a witness or subpoena his parents as witnesses; 2) denial of due process because his brother was not allowed to testify; 3) failure of the prosecution to disclose favorable DNA evidence; 4) use of evidence obtained pursuant to an unlawful arrest; 5) use of coerced testimony from the victim; and 6) the sentence imposed constituted cruel and unusual punishment in violation of the Eighth Amendment. (*Id.* at 6-10i.[3])

Respondents argue that Medina's petition is a mixed petition containing exhausted and unexhausted claims. (Doc. 11 at 1.) Respondents contend that a federal habeas petition should be dismissed without prejudice if state remedies have not been exhausted as to all claims. (*Id.* at 8.) In addition, Respondents argue that the claims Medina raised in his state habeas petition were procedurally defaulted because Medina failed to seek timely review from the New Mexico Supreme Court. (*Id.* at 9.)

### Exhaustion and Procedural Default

An applicant for relief under 28 U.S.C. § 2254 must first exhaust the remedies available in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *see also Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006). To satisfy this requirement the applicant must "give the state courts one full opportunity to

---

[3] Following page 10 of the application form, Medina attached additional unnumbered pages listing grounds four through six. I have numbered these pages 10a through 10i consecutively.

3

resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  This includes pursuing discretionary review when that review is part of a state's ordinary appellate review process. *Id.* Generally, when an applicant has failed to exhaust state court remedies, a federal court should dismiss the petition without prejudice to give the applicant an opportunity to exhaust those remedies. *See Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997).  "However, in considering unexhausted claims, federal courts should consider whether, upon dismissal of the claims, the petitioner would then be able to raise them in the state courts." *Id.*  "[I]f the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review." *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir.1992) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991)).  A federal court will not consider defaulted claims unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice. *See Smallwood v. Gibson*, 191 F.3d 1257, 1268 (10th Cir. 1999).

In their answer, Respondents contend that Medina procedurally defaulted the claims raised in his state habeas petition by failing to seek certiorari review from the New Mexico Supreme Court. (Doc. 11 at 9.)  This is true as to Medina's claims for ineffective assistance of counsel and denial of due process resulting from the exclusion of defense witness testimony, but not as to his claim regarding the exclusion of DNA evidence.  Medina alleged ineffective assistance of counsel for the first time in his state habeas petition. (*See* Ex. J at 3.)  The state district court rejected this claim because Medina did not specify how his attorney's performance was deficient at trial or make the necessary showing of prejudice to support a claim for ineffective assistance of counsel. (Ex. K at 1.)  Under New Mexico's procedural rules, a petitioner may file a petition for a writ of certiorari

4

with the New Mexico Supreme Court within thirty days of the district court's order denying the petition. *See* N.M.R.A. 12-501; N.M. R. CRIM. P. 5-802. Medina did not seek certiorari review and has not attempted to show that the procedural default should be excused for cause and prejudice or a fundamental miscarriage of justice. Accordingly, this claim is procedurally defaulted. *See Ballinger v. Kerby*, 3 F.3d 1371, 1374 (10th Cir. 1993) (finding petitioner's claims procedurally defaulted for failure to obtain timely review by the New Mexico Supreme Court); *see also Watson v. New Mexico*, 45 F.3d 385, 387 (10th Cir. 1995) (same but remanding to allow district court to address cause and prejudice).

Medina also argued in his state habeas petition that his right to due process was violated by the exclusion of DNA evidence and witness testimony. (*See* Ex. J at 3.) As it relates to the exclusion of defense witness testimony, this claim is also procedurally barred. Medina had previously raised this issue in his direct appeal to the New Mexico Court of Appeals. (*See* Ex. C at 3-4.) However, when he sought certiorari review of his direct appeal from the New Mexico Supreme Court, he did not discuss the exclusion of witness testimony. Rather he raised the issue again in his state habeas petition. (*See* Ex. J at 3.) The state district court rejected this claim because Medina did not identify which witnesses were excluded or what their testimony would have been. (Ex. K at 2.) Medina's failures to raise this issue on direct appeal to the New Mexico Supreme Court and to seek certiorari review of the district court's denial of his state habeas petition have resulted in the procedural default of this claim. *See Watson*, 45 F.3d at 387; *Ballinger*, 3 F.3d at 1374; *see also Maes v. Thomas*, 46 F.3d 979, 986-87 (10th Cir. 1995) (noting the New Mexico rule that issues abandoned on direct appeal are deemed defaulted).

Medina's due process argument also involves the exclusion of DNA evidence. Contrary to Respondents' assertion that all of the claims raised in the state habeas petition were procedurally

defaulted, Medina did exhaust state court remedies as to this claim and it is not barred.  The docketing statement that Medina filed with the New Mexico Court of Appeals in conjunction with his direct appeal can be read as challenging the trial court's exclusion of DNA evidence.  (*See* Ex. C at 3-4.)  In his opposition to the court of appeals' proposed disposition, Medina argued that this evidentiary ruling violated his rights to present a defense and confront witnesses and the court of appeals addressed this argument in its memorandum opinion.  (*See* Ex. F at 5-7.)  When he petitioned the New Mexico Supreme Court for a writ of certiorari, Medina again argued that the exclusion of DNA evidence violated his constitutional rights.  (*See* Ex. G at 3-5.)  Medina has thus exhausted this claim by invoking one complete round of appellate review.  *Boerckel*, 526 U.S. at 845.  I therefore reach the merits of this claim below.

Medina's federal habeas petition includes arguments regarding evidence obtained pursuant to an unlawful arrest, coerced testimony, and the Eighth Amendment's prohibition on cruel and unusual punishment.  Because Medina is raising these issues for the first time in federal court, they are unexhausted.  28 U.S.C. § 2254(b)(1)(A).  Respondents have not argued procedural default with regard to these claims.  Although procedural default may be invoked *sua sponte*, *Hardiman v. Reynolds*, 971 F.2d 500, 503-05 (10th Cir. 1992), I decline to do so here as it would delay the proceedings and because these claims are easily resolved on the merits.  *See* 28 U.S.C.A. § 2254(b)(2) (providing that a federal habeas court may deny a claim on the merits, notwithstanding the failure to exhaust state remedies); *Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir. 2000) (declining to address complex procedural bar because case could be more easily and succinctly affirmed on the merits); *see also Tisthammer v. Williams*, 49 F. App'x 757, 764-65 & n.4 (10th Cir. 2002) (addressing the merits of an unexhausted, procedurally barred claim because it would be

6

necessary to request supplemental briefing if the court invoked the procedural issues *sua sponte* and because the claim could be easily resolved on the merits).

### Standard of Review

When a state court has adjudicated a petitioner's claims on the merits, the petitioner is entitled to federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). The federal law must be clearly established by the Supreme Court at the time of the state court judgment. *See Bland*, 459 F.3d at 1009. A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Douglas v. Workman*, 560 F.3d 1156, 1170 (10th Cir. 2009) (internal citations omitted). A state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (internal citations omitted). The state court's findings of fact are presumed correct unless rebutted by the petitioner by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

This deferential standard of review does not apply if the state court did not address the petitioners claims on the merits. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004). In the absence of an adjudication on the merits, the federal court reviews pure questions of law and mixed questions of law and fact *de novo*. *Id.*; *Hooks v. Ward*, 184 F.3d 1206, 1223 (10th Cir. 1999). But if a state court has made factual determinations that are relevant to these questions, those factual

determinations must still be presumed correct. *See Hooks*, 184 F.3d at 1223; *see also* 28 U.S.C. § 2254(e)(1).

As mentioned, Medina exhausted state court remedies for his claim regarding the improper exclusion of DNA evidence. The New Mexico Court of Appeals addressed the merits of this claim discussing state relevancy and due process law. (*See* Ex. F at 5-7.) The New Mexico Supreme Court denied certiorari. (Ex. H.) Accordingly, this claim was adjudicated on the merits and must be reviewed under the deferential standard of § 2254(d)(1)-(2). *See Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir.1999) (holding claims adjudicated on the merits even when state court fails to discuss federal rationale for decision or cite any federal authority). The remaining claims were not raised in state court and therefore are not reviewed under this standard. Rather, I will presume relevant factual determinations are correct and review legal questions and mixed questions of law and fact *de novo*.

### Exclusion of DNA Evidence

Medina has repeatedly raised an issue regarding evidence of a second source of male DNA. In his direct appeal, on certiorari to the New Mexico Supreme Court, and again in his state habeas petition, Medina argued that the state trial court's decision to exclude this evidence and to prohibit defense counsel from raising it or any testimony related to it violated his Sixth Amendment right to confront witnesses and present a defense. (*See* Ex. E at 3-6, Ex. G. at 4-5; Ex. J. at 3.) At trial, the state sought to exclude this evidence and prevent cross-examination on this point under New Mexico's rape shield statute. (*See* TR 5-9, 137-54, 243-50.) Medina argued that the evidence was relevant to the credibility and bias of the complaining witness and was potentially exculpatory.[4]

---

[4] On appeal, Medina's counsel suggested that the evidence was exculpatory under *Brady v. Maryland*, 373 U.S. 83 (1963). (*See* Ex. C at 3, Ex. E at 3, Ex. G at 2.) This invocation of *Brady* appears incorrect since

(*See id.*)  The trial court determined that the evidence was inadmissible under the rape shield law. (*See* TR 249-50.)  In his federal petition Medina presents this claim as the "unconstitutional failure of the prosecution to disclose evidence favorable to the Defendant."  (Doc. 1 at 9.)  In support he states that the "prosecution did not disclose to the jury a third DNA that was found of a third person (male)."  (*Id.*)  Because there is no requirement that the prosecution disclose this evidence to the jury and because the record demonstrates that the prosecution did disclose this evidence to Medina who argued for its introduction at trial, I construe this claim as challenging the trial court's evidentiary ruling on Sixth Amendment grounds.  *See Michigan v. Lucas*, 500 U.S. 145, 149 (1991) (noting that a rape shield statute may implicate the Sixth Amendment because, "[t]o the extent that it operates to prevent a criminal defendant from presenting relevant evidence, the defendant's ability to confront adverse witnesses and present a defense is diminished").

"The Confrontation Clause of the Sixth Amendment guarantees the right of an accused . . . to confront the witnesses against him or her; the main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination."  *Richmond v. Embry*, 122 F.3d 866, 870 (10th Cir. 1997) (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986)) (internal quotations omitted).  In *Lucas* the Supreme Court considered a challenge to Michigan's rape shield statute on confrontation clause grounds.  The Court noted that while the statute "unquestionably implicates the Sixth Amendment[,] . . . [t]his does not necessarily render the statute unconstitutional."  500 U.S. at 149.  "The right to present relevant testimony is not without limitation. [It] may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process."  *Id.* (internal

---

Medina never alleged that the prosecution failed to disclose exculpatory evidence.  *See Brady*, 373 U.S. at 87-88 (holding that a prosecutor's failure to disclose evidence favorable to the defendant violates due process).  I do not consider this issue any further as Medina did not include a *Brady* claim in his federal habeas petition.

quotations omitted).  "[T]rial judges retain wide latitude to limit reasonably a criminal defendant's right to cross-examine a witness based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant."  *Id.* (internal quotations omitted).

At trial, defense counsel wanted to cross-examine the victim as to the second male DNA to place her credibility in issue. (*See* Tr. at 138.)  They asserted that the evidence was relevant to a material issue of credibility and her motive to fabricate.  (*See id.*)  The defense argued that the victim had stated that she had not had sexual relations with anyone else but the presence of the unidentified male DNA suggested she was lying.  (*See id.* at 151-52.)  On direct appeal, Medina explained that his theory of defense was that he and his wife had consensual sex a few days prior to the night of the incident and, if the victim "had lied about having had sexual relations with another man a few days before the alleged incidents here, she may have lied about having had consensual relations with Mr. Medina during that same time period and may have lied further about him breaking into her house and assaulting her."  (*See* Ex. E at 8.)  Medina also suggested that "the history of her actions in regard to their relationship was key to defining her motivation to fabricate allegations against Mr. Medina."  (*Id.*)  The New Mexico Court of Appeals held that the DNA evidence was irrelevant because it pertained to a collateral issue and further that Medina had not pointed to any facts that would meet his burden of establishing a motive to fabricate.  (Ex. F at 6.)

In light of the Supreme Court's acknowledgment in *Lucas* that a trial judge has broad discretion to limit a defendant's right to cross-examine a witness based on concerns that the interrogation is only marginally relevant, I cannot say that the decision of the court of appeals was contrary to, or involved an unreasonable application of, clearly established federal law.  Similarly, my own review of the record has failed to uncover any facts suggesting a motive to fabricate.

Accordingly, I cannot say that the decision of the court of appeals was based on an unreasonable determination of the facts. This claim, therefore, should be denied.

### Evidence from Unlawful Arrest

The first of the claims Medina raises for the first time in federal court is that his conviction was "obtained by use of evidence obtained pursuant to an unlawful arrest." (Doc. 1 at 10a.) In support, Medina states that the "prosecutition [sic] used as evidence a bat wich [sic] I never used or had threaten my victim (wife) [sic] it's on the record...my DNA wich [sic] was consentual [sic] days before insident [sic]." (*Id.*) I construe this as a claim that certain evidence was obtained in violation of the Fourth Amendment and therefore should have been suppressed.

Where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a habeas petitioner may not relitigate that claim in federal court. *Stone v. Powell*, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment Claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."). In considering whether the petitioner has been afforded such an opportunity, the Tenth Circuit has recognized a procedural aspect of the *Stone* standard. *See Gamble v. Oklahoma*, 583 F.2d 1161, 1164-65 (10th Cir. 1978). Thus, failure to raise a Fourth Amendment claim at some stage of trial, or to timely object may constitute a "waiver or exercise of opportunity that satisfies the requirement of '*opportunity* for full and fair litigation.'" *Id.* at 1165 (emphasis in original); *see also Sloan v. Cowley*, No. 92-7020, 1992 WL 279247, at *2 (10th Cir. Oct. 5, 1992) (unpublished) (finding that petitioner's failure to object to the legitimacy of the arrest or the subsequent admission of the evidence constituted a waiver of his right to challenge the issue in a § 2254 proceeding).

11

Medina is objecting to the use of certain evidence for the first time in federal court. He did not file a pre-trial motion to suppress evidence and his counsel did not object when evidence of the bat and his DNA were introduced at trial. (*See* TR at 159-60, 166-67; Transcript Vol. 2 at 13-15.) He did not raise this issue on appeal or in his state habeas petition. Accordingly, federal court review of this claim is barred by *Stone*.

### Coerced Testimony

Medina next argues that his conviction was obtained by the use of coerced testimony because "my wife had stated to my parents she did not want to testify (also to my sister)." (Doc. 1 at 10d.) I construe this claim as one for a denial of due process. *See United States v. Gonzales*, 164 F.3d 1285, 1289 (10th Cir. 1999) (noting that a defendant cannot seek to vindicate violations of a witness's Fifth Amendment rights, but subsequent use of the witness's statements could implicate the defendant's due process rights). A defendant's due process rights are implicated if a witness is "coerced into making *false* statements and those statements [are] admitted against [the defendant] at trial." *Id.* at 1289 (emphasis in original). "A statement is involuntary if the government's conduct caused the witness's will to be overborne and his capacity for self-determination critically impaired." *Id.* at 1289 (internal citations omitted). A defendant who challenges third party testimony on due process grounds bears the burden of proving coercion. *See United States v. Dowell*, 430 F.3d 1100, 1107 (10th Cir. 2005).

Medina has failed to show a violation of his right to due process. The conclusory assertion that his wife told his parents that she did not want to testify is insufficient to show that the testimony was coerced. Medina has not made any factual allegations regarding improper conduct by the state. Nor has he alleged that the victim's testimony was in any way false or unreliable. Thus, this claim should be denied.

**Eighth Amendment**

In his last claim, Medina argues that the sentence imposed constitutes cruel and unusual punishment.  In support of this claim, Medina states, "I believe the jury did not know the degree of the charges, if not for that, outcome would have been diffrent [sic] (also of DNA not being disclosed) (of third male) (charge's are exsagarated) [sic]."  (Doc. 1 at 10g.)

Medina was convicted of three felonies and several misdemeanors.  The trial judge sentenced him to eighteen years for first degree kidnaping and nine years for second degree criminal sexual penetration, to be served consecutively.  (Ex. A at 2-3.)  He further sentenced Medina to eighteen months for fourth degree aggravated assault against a household member with a deadly weapon and to three-hundred-sixty-four days for each misdemeanor count, to be served concurrently with the nine-year term.  (*Id.* at 3.)  Thus the trial judge sentenced Medina to a total term of twenty-seven years.  (*Id.*)  He ordered Medina to serve eighteen years of this sentence and suspended the remaining nine years.  (*Id.* at 4.)

To the extent that Medina is challenging the length of the sentence in proportion to the crime, his claim fails.  The Eighth Amendment does not require strict proportionality between the crime and the sentence, but forbids only extreme sentences that are grossly disproportionate to the crime.  *Ewing v. California*, 538 U.S. 11, 23 (2003) (plurality opinion); *see also Lockyer v. Andrade*, 538 U.S. 63, 72 (2003) (noting that a gross disproportionality principle is applicable to sentences for terms of years).  Moreover, a sentence that is within the statutory range generally will not be regarded as cruel and unusual.  *See Hawkins v. Hargett*, 200 F.3d 1279, 1284-85 (10th Cir. 1999) (citing *Rummel v. Estelle*, 445 U.S. 263, 274 (1980)).  The Supreme Court has indicated that "federal courts should be reluctant to review legislatively mandated terms of imprisonment, and that

successful challenges to the proportionality of particular sentences should be exceedingly rare." *Ewing*, 538 U.S. at 22 (plurality opinion) (internal quotations omitted).

Medina's sentence is not grossly disproportionate to the crimes for which he was convicted. He received a sentence totaling twenty-seven years of imprisonment, nine of which were suspended, for felony counts of kidnapping, criminal sexual penetration and aggravated assault on a household member with a deadly weapon and multiple misdemeanor counts. *Cf. Ewing*, 538 U.S. 11(sentence of twenty-five years to life under California's three strikes law for theft of $1,197 worth of golf clubs did not violate Eighth Amendment); *Hawkins v. Hargett*, 200 F.3d 1279 (10th Cir. 1999) (sentence totaling 100 years for burglary, forcible sodomy, rape, and robbery with a dangerous weapon was not unconstitutionally disproportionate under the Eighth Amendment, even though defendant was only thirteen at the time of the offenses). Moreover, his sentence is within the statutory range for these crimes. *See* NMSA 31-18-15(A)(1) (setting eighteen years imprisonment as the basic sentence for a first degree felony; NMSA 31-18-15(A)(3) (setting nine years imprisonment as the basic sentence for a second degree felony). Accordingly, Medina's sentence does not constitute cruel and unusual punishment in violation of the Eighth Amendment.

To the extent that Medina is arguing that the jury would have acquitted him, had it known the sentence to which he was exposed, his claim also fails. Because the jury had no sentencing function in his case, it was obligated to reach a verdict without regard to what sentence might be imposed. *See Rogers v. United States*, 422 U.S. 35, 40 (1975) (holding that trial court erred by indicating willingness to accept a verdict with a recommendation of "extreme mercy" and stating that trial court should have admonished jury that it had no sentencing function); *Chapman v. United States*, 443 F.2d 917, 920 (10th Cir. 1971) (rejecting argument that the jury should have been

14

informed of the minimum sentence and noting that the statute involved left nothing for jury determination beyond the guilt or innocence of the accused).

## Conclusion

For the reasons stated herein, I recommend that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. 1) be DENIED.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

---

William P. Lynch
_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE